**U.S. Department of Justice**



*United States Attorney*
*Western District of Pennsylvania*

---

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*          *412/644-3500*

March 20, 2006

Frederick W. Thieman, Esquire
Suite 2313
Koppers Building
436 Seventh Avenue
Pittsburgh, Pennsylvania 15219

Re:  United States of America v.
     Industrial-Commercial Consulting International, Inc.
     Criminal No.  06-225

Dear Mr. Thieman:

This letter sets forth the agreement by which your client,
Industrial-Commercial Consulting International, Inc. (hereinafter
"ICCI"), will enter a plea of guilty in the above-captioned case.
The letter represents the full and complete agreement between ICCI
and the United States Attorney for the Western District of
Pennsylvania.   The agreement does not apply to or bind any other
federal, state, or local prosecuting authority.

Upon entering a plea of guilty, ICCI will be sentenced under the
Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28 U.S.C. §991,
et seq.  The Sentencing Guidelines promulgated by the United States
Sentencing Commission will be considered by the Court in imposing
sentence.   The facts relevant to sentencing shall be determined
initially by the United States Probation Office and finally by the
United States District Court by a preponderance of the evidence.

    A.   The defendant, ICCI, agrees to the following:

        1.   ICCI will enter a plea of guilty to Count One of
the Information at Criminal No. 06-225 charging ICCI
with violating Tile 18, United States Code, Section
371, pursuant to Rule 11 of the Federal Rules of
Criminal Procedure.

---

# LIMITED OFFICIAL
# USE

2.     At the time ICCI enters its plea of guilty, it will
       deposit a special assessment of $400 in the form of
       cash, or check or money order payable to "Clerk,
       U.S. District Court".   In the event that sentence
       is not ultimately imposed, the special assessment
       deposit will be returned.

3.     ICCI waives any former jeopardy or double jeopardy
       claims it may have in or as a result of any related
       civil or administrative actions.

     B.    In consideration of and entirely contingent upon the
provisions of Parts A and C of this agreement, the United States
Attorney for the Western District of Pennsylvania agrees to the
following:

1.     The United States Attorney retains the right of
       allocution at the time of sentencing to advise the
       sentencing Court of the full nature and extent of
       the involvement of ICCI in the offense charged in
       the Information and of any other matters relevant
       to the imposition of a fair and just sentence.

     C.    ICCI and the United States Attorney further understand
and agree to the following:

1.     The penalty that may be imposed upon ICCI is:

       (a)  A fine of $500,000;

       (b)  A term of probation of five years; and

       (c)  A special assessment under 18 U.S.C. §3013 of
            $400.00.

2.     The parties agree that the appropriate sentence in
       this case is a fine of $300,000, a term of
       probation of three years, and a special assessment
       of $400.00.   The parties further agree, however,
       that up to $25,000 of that fine may be applied by
       the defendant and its related entities to formulate
       and implement a compliance program to prevent
       further environmental violations.   The defendant
       shall submit to the United States Attorney and a
       representative from Region III of the Environmental
       Protection Agency an accounting of the funds paid



to formulate and implement the compliance program, and only actual funds paid will be used to offset the $25,000 amount. Any amounts not expended within three years from the date of the sentence will not reduce the $25,000 amount, and will become immediately due to the United States. The parties further agree that up to $150,000 of the fine amount may be paid to support a project designed to improve the environmental conditions in the vicinity of the area effected by the environmental violation (i.e., the area in the vicinity of the former Woodville State Hospital). The defendant, if it wishes to have any of the fine amount applied to such a project, shall submit a proposal to the United States Attorney for her approval and the approval of a representative from Region III of the Environmental Protection Agency within one year of the date of the sentence, and such approval will not be unreasonably withheld. Any amount less than that $150,000 that is not expended within three years of the sentence shall be immediately payable to the United States prior to the completion of the probation period.

3.      Subject to the provisions of paragraph C.2 above, the parties agree that the $300,000 fine shall be payable as follows: $100,000 on the date of sentencing; and two equal installments payable one year from the date of the sentencing and two years from the date of the sentencing, and that payments of the fine will be a condition of probation, along with the other standard conditions of probation.

4.      James Cargnoni, by his signature as an Officer of ICCI below, personally guarantees the payment of the fine referred to above, and agrees that in the event that ICCI fails to pay the agreed upon fine, he agrees to pay any unpaid balance within thirty days of notification of ICCI's default.

5.      Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court is bound by the agreed upon sentence, and if the Court does not accept the sentence, ICCI has the right to withdraw its plea of guilty.

6.      The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. ICCI acknowledges that the willful failure to pay any fine may

Page 4

        subject it to additional criminal and civil penalties under 18 U.S.C. §3611 et seq.

    7.    This agreement does not preclude the government from pursuing any civil or administrative remedies against ICCI or its property.

This letter sets forth the full and complete terms and conditions of the agreement between ICCI and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*May Beth Buchanan*

MARY BETH BUCHANAN
United States Attorney

We have received this letter from the attorney for ICCI, Frederick Theiman, Esquire, have read it and discussed it with him, and we, on behalf of ICCI and ourselves, hereby accept it and acknowledge that it fully sets forth our agreement with the Office of the United States Attorney for the Western District of Pennsylvania. We affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
James Cargnoni
As an Officer of Industrial-Commercial
Consulting International, Inc. and
as and individual guarantor


_____
8|1|06
Date


Witnessed by:

_____
FREDERICK THIEMAN, ESQUIRE
Counsel for Industrial-Commercial
Consulting International, Inc. and for
James Cargnoni



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

BTC:kak

U.S. Post Office & Courthouse
700 Grant Street
Suite 400
Pittsburgh, Pennsylvania 15219                    412/644-3500

August 1, 2006

Frederick Theiman, Esquire
Suite 2313
Koppers Building
Pittsburgh, PA   15219

Re:   United States of America v.
      Industrial-Commercial Consulting International, Inc.
      Criminal No. 06-225

Dear Mr. Theiman:

Enclosed please find a plea agreement signed by the United States
Attorney.  As we discussed, if the Court elects to sentence ICCI
today, we will orally amend the plea agreement to make the
effective sentencing date, for the purpose of compliance dates in
the plea agreement, November 1, 2006.

As we also discussed, if ICCI goes through with the change of plea,
is sentenced, and no appeal is taken from the sentence, ICCI's plea
will conclude our investigation related to the clean-up of the
Woodville facility, with the obvious exception of Charles Victoria.
In other words, the United States Attorney's Office for the Western
District of Pennsylvania will not seek to charge criminally any
other individuals or entities related to the Woodville facility
clean-up with the exception of Charles Victoria.

If you have any questions, please do not hesitate to contact me at
(412) 894-7348.

Very truly yours,

MARY BETH BUCHANAN
United States Attorney

BRENDAN T. CONWAY
Assistant U.S. Attorney